UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

ALEXANDER MOORE, an Individual

    Plaintiff,

v.

CITY OF MIAMI, a political subdivision of the State of Florida,

    Defendant.

## COMPLAINT

### Introduction

Plaintiff, ALEXANDER MOORE, ("Moore") sues Defendant, CITY OF Miami, ("the City") for disability discrimination in its employment practices, which caused Moore damages.

### Jurisdiction and Parties

1. This is an action for damages. Plaintiff, ALEXANDER MOORE, brings this lawsuit for discrimination pursuant to the Americans with Disabilities Act (ADA) of 1990 and its Amendments of 2008, 42 U.S.C. §12101 *et seq.*; and the Florida Civil Rights Act of 1992, Fla. Stat. §760.10, *et seq.* (FCRA).

2. Moore is a natural person, *sui juris*, who is a resident of the State of Florida and resides in Miami-Dade County, Florida.

3. Defendant, CITY OF MIAMI is a municipality incorporated in the State of Florida.

4. At all times material hereto, Moore was an "*aggrieved person*" as defined by the FCRA, Fla. Stat. § 760.02 (10).

5. Miami employs more than 15 employees and is Moore' employer within the meaning of FCRA, Fla. Stat. § 760.02(7); and Civil Rights Act of 1964, 42 U.S.C §2000e (b).

6. At all times during his employment relationship with Defendant, Moore was Defendant's "employee" as defined by FCRA, Fla. Stat. § 760.02 et seq.; and ADA, 42 U.S.C. §12111 (5)(A).

7. This Court has jurisdiction pursuant to 28 U.S.C. §1331, 28 U.S.C.§1332, 28 U.S.C. §1343(3) and (4) and 28 U.S.C. §1367(a).

8. Venue is proper under 28 U.S.C. § 1391(b) because all of the discriminatory acts complained by Moore occurred within this judicial district and because the City of Miami is located within this judicial district.

9. All conditions precedent have been satisfied, waived or excused before the filing of the instant lawsuit.

## General Allegations

10. Plaintiff, ALEXANDER MOORE, was employed as a probational police officer with Defendant, CITY OF MIAMI on April 5, 2016.

11. Moore was scheduled to obtain his permanent status with the City on October 5, 2017.

12. During his probationary period, Moore suffered a seizure-like episodes at work. Moore sought and obtained medical treatment for the episodes and Moore was able to perform the essential duties of the job by being allowed to take his medication.

13. Despite Moore being able and willing to perform the essential functions of his job with or without reasonable accommodation from the City, the City insisted that he be subjected to a fitness for duty examination.

14. In February 2017, Moore then went to a specialist that recommended additional testing.

15. Moore was able and willing to work, but the City considered or perceived him as a disabled or impaired from performing his duties.

16. On March 16, 2017, Moore met with the City and was advised that he would be terminated due to his medical condition.

17. Moore requested that he be allowed to submit an alternate medical opinion regarding his condition.

18. In June 2017, Moore obtained an evaluation indicating that he had no symptoms nor any side effects from his medication.

19. Despite the evaluation, the doctor for the City still labeled Moore as not fit for duty.

20. Instead of allowing Moore additional time to recover from his medical condition, the City decided to terminate him from his position as a police officer.

21. The City likewise failed to consider any other accommodation it could have made for Moore to allow him to keep his position as a police officer.

22. Moore's perceived disability was a motivating factor in City's decision for terminating Moore's employment

23. As a result of the failure of the City to provide an accommodation, Moore has suffered emotional and financial damage.

## Count I – Disability
*(Employment Discrimination Based on Disability Pursuant to the Fla. Civ. Rights Act of 1992 Fla. Stat. § 760.01, et seq. (FCRA))*

24. Plaintiff incorporates and realleges paragraphs 1 through 22 as though fully set forth herein.

25. Plaintiff was qualified for the police officer position with Defendant.

26. Plaintiff's medical condition constituted a disability that substantially limited his life activities, such as his ability to work.

27. Instead of accommodating Plaintiff, Defendant terminated Plaintiff's employment.

28. Defendant's refusal to make a reasonable accommodation for Plaintiff's disability was a violation of Plaintiff's rights under the FCRA.

29. As a direct and proximate result of the foregoing, Plaintiff suffered and continues to suffer severe emotional and financial damages.

30. As a result of Defendant's actions, Plaintiff was forced to retain the undersigned counsel to file this action.

WHEREFORE, Plaintiff respectfully requests that this Court:

   a. Assume jurisdiction of this cause of action and the parties;

   b. Issue a judgment declaring and finding that Defendant's actions, practices and procedures as stated above constitute discrimination in violation of Plaintiff's rights as secured by the Florida Civil Rights Act, Fla. Stat. § 760.01, *et seq*; and,

   c. Order Defendant to make Plaintiff whole, as he was adversely affected by the activities described herein, by providing lost wages, compensatory damages, punitive damages, prejudgment interest, and any other damages allowed in action under the Florida Civil Rights Act, Fla. Stat. § 760.01, *et seq;* and,

    d. Enter an award and judgment for attorney's fees and costs, and all other further relief that this Court deems necessary and proper.

### Count II – Disability
*(Pursuant to the Americans with Disabilities Act of 1990 and its Amendments (ADA))*

31. Plaintiff incorporates and realleges paragraphs 1 through 22 as though fully set forth herein.

32. Plaintiff was qualified for the police officer position with Defendant.

33. Plaintiff's medical condition constituted a disability that substantially limited his life activities, such as his ability to work.

34. Instead of accommodating Plaintiff, Defendant terminated Plaintiff's employment.

35. Defendant's refusal to make a reasonable accommodation for Plaintiff's disability was a violation of Plaintiff's rights under the ADA.

36. As a direct and proximate result of the foregoing, Plaintiff suffered and continues to suffer severe emotional and financial damages.

37. As a result of Defendant's actions, Plaintiff was forced to retain the undersigned counsel to file this action.

WHEREFORE, Plaintiff respectfully requests that this Court:

    a. Assume jurisdiction of this cause of action and the parties;

    b. Issue a judgment declaring and finding that Defendant's actions, practices and procedures as stated above constitute discrimination in violation of Plaintiff's rights as secured by the Americans with Disabilities Act, 29 U.S.C. §1201 *et seq*; and,

    c. Order Defendant to make Plaintiff whole, as he was adversely affected by the activities described herein, by providing lost wages, compensatory damages, punitive damages, prejudgment interest, and any other damages allowed in action under the Americans with Disabilities Act, 29 U.S.C. §1201 *et seq*; and,

d.  Enter an award and judgment for attorney's fees and costs, and all other further relief that this Court deems necessary and proper.

### Count III – Perceived Disability
*(Employment Discrimination Based on Disability Pursuant to the Fla. Civ. Rights Act of 1992 Fla. Stat. § 760.01, et seq. (FCRA))*

38. Plaintiff incorporates and realleges paragraphs 1 through 22 as though fully set forth herein.

39. Plaintiff was qualified for the police officer position with Defendant.

40. Plaintiff's medical condition was perceived as a disability by Defendant.

41. Defendant terminated Plaintiff because of its perception that he was disabled and could not perform his duties.

42. Defendant's termination of Plaintiff due to his perceived disability was a violation of Plaintiff's rights under the FCRA.

43. As a direct and proximate result of the foregoing, Plaintiff suffered and continues to suffer severe emotional and financial damages.

44. As a result of Defendant's actions, Plaintiff was forced to retain the undersigned counsel to file this action.

WHEREFORE, Plaintiff respectfully requests that this Court:

e.  Assume jurisdiction of this cause of action and the parties;

f.  Issue a judgment declaring and finding that Defendant's actions, practices and procedures as stated above constitute discrimination in violation of Plaintiff's rights as secured by the Florida Civil Rights Act, Fla. Stat. § 760.01, *et seq*; and,

    g. Order Defendant to make Plaintiff whole, as he was adversely affected by the activities described herein, by providing lost wages, compensatory damages, punitive damages, prejudgment interest, and any other damages allowed in action under the Florida Civil Rights Act, Fla. Stat. § 760.01, *et seq*; and,

    h. Enter an award and judgment for attorney's fees and costs, and all other further relief that this Court deems necessary and proper.

## Count IV – Perceived Disability
*(Pursuant to the Americans with Disabilities Act of 1990 and its Amendments (ADA))*

45. Plaintiff incorporates and realleges paragraphs 1 through 22 as though fully set forth herein.

46. Plaintiff was qualified for the police officer position with Defendant.

47. Plaintiff's medical condition was perceived as a disability by Defendant.

48. Defendant terminated Plaintiff because of its perception that he was disabled and could not perform his duties.

49. Defendant's termination of Plaintiff due to his perceived disability was a violation of Plaintiff's rights under the ADA.

50. As a direct and proximate result of the foregoing, Plaintiff suffered and continues to suffer severe emotional and financial damages.

51. As a result of Defendant's actions, Plaintiff was forced to retain the undersigned counsel to file this action.

WHEREFORE, Plaintiff respectfully requests that this Court:

    a. Assume jurisdiction of this cause of action and the parties;

    b. Issue a judgment declaring and finding that Defendant's actions, practices and procedures as stated above constitute discrimination in violation of Plaintiff's rights as secured by the Americans with Disabilities Act, 29 U.S.C. §1201 *et seq*; and,

    c. Order Defendant to make Plaintiff whole, as he was adversely affected by the activities described herein, by providing lost wages, compensatory damages, punitive damages, prejudgment interest, and any other damages allowed in action under the Americans with Disabilities Act, 29 U.S.C. §1201 *et seq;* and,

    d. Enter an award and judgment for attorney's fees and costs, and all other further relief that this Court deems necessary and proper.

## DEMAND FOR JURY TRIAL

Plaintiff ALEXANDER MOORE hereby demands a jury trial as to all issues triable by a jury.

Respectfully submitted,

        The Harris Law Firm Group, P.A.
        201 South Biscayne Blvd., Suite 2700
        Miami, Florida 33131
        Tel.:   305.536.6131
        Fax.:   305.536.6130

By:   */s/Robert N. Harris*
       Robert Newton Harris, Esq.
       Fla. Bar. No.: 87671
       robert@harrislawinfo.com